

**Signed and Filed: October 18, 2022**

_____
**DENNIS MONTALI
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THEOS FEDRO HOLDINGS, LLC,<br><br>        Debtor.<br>_____<br>PHILIP ACHILLES, individually and in his capacity as trustee of the Achilles Revocable Trust dated May 27, 2003, and THEOS FEDRO HOLDINGS, LLC, a California LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>PENDER CAPITAL, INC., a California Corporation, PENDER CAPITAL ASSET LENDING FUND 1, LP; LABOR COMMISSIONER OF THE STATE OF CALIFORNIA; AND DOES 1 through 30, inclusive,<br><br>        Defendants.<br>_____<br>PENDER CAPITAL ASSET LENDING FUND I, LP,<br><br>        Counter-Claimant, | Bankruptcy Case<br>No. 21-30202-DM<br><br>Chapter 11<br><br><br><br>Adversary Case No. 21-03023-DM |

-1-

```
                                    )
v.                                  )
                                    )
PHILIP ACHILLES, individually       )
and in his capacity as trustee      )
of the Achilles Revocable Trust     )
dated May 27, 2003, and THEOS       )
FEDRO HOLDINGS, LLC, a              )
California LLC,                     )
                                    )
     Counter-Claim Defendants.      )
                                    )
_____)
                                    )
PENDER CAPITAL ASSET BASED          )
LENDING FUND I, LP,                 )
                                    )
               Cross-Claimant,      )
                                    )
v.                                  )
                                    )
JOHN A. WISE & ASSOCIATES, PLLC,    )
and AMY P. FRYAR,                   )
                                    )
     Cross-Claim Defendants.        )
_____)
```

**MEMORANDUM DECISION ON MOTION TO DISMISS THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**

On July 13, 2022, the court entered its *Tentative Ruling on Alternative Motion to Dismiss* ("Tentative Ruling") (Dkt. 58). On July 14, 2022, upon the parties' acceptance of the Tentative Ruling, the court entered an *Order Granting Alternative Motion to Dismiss* (Dkt. 59) dismissing chapter 11 trustee Janina Hoskins' ("Trustee") Second Amended Complaint with leave to amend.

On August 10, 2022, the Trustee filed a Third Amended Complaint (Dkt. 63). On August 24, 2022, Defendant Pender Capital Asset Based Lending Fund I, LP ("Pender") filed a *Motion to Dismiss Third Amended Complaint* ("Motion to Dismiss") (Dkt.

-2-

64). At the conclusion of a hearing on the Motion to Dismiss on September 23, 2022, the court took the matter under submission.

Upon due consideration and for the reasons discussed below, the court will grant the Motion to Dismiss without leave to amend.

**I. STANDARD FOR DISMISSAL**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (made applicable by Federal Rule of Bankruptcy Procedure 7012) is a challenge to the sufficiency of the allegations set forth in the complaint. To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). A pleading that "tenders naked assertions devoid of further factual enhancement" does not meet this standard. *Id.* (internal quotation marks omitted). In considering a Rule 12(b)(6) motion, this court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Case: 21-03023   Doc# 72   Filed: 10/18/22   Entered: 10/18/22 12:34:05   Page 3 of 10

## II. DISCUSSION

The court's Tentative Ruling made clear that any amended complaint must allege that the Debtor was not in breach of contract, or excused from performance, at the time that the Trustee alleges that Pender blocked the transfer of the $515,000 holdback or did anything else that might support a breach of contract or "good faith and fair dealing" theory of relief. The Tentative Ruling also stated that an amended complaint must allege more facts as to the other claims against Pender.

### A. Trustee's First Claim: Breach of Contract Against Pender

All claims against Pender stem from the rights and obligations set forth in the underlying Deed of Trust, Promissory Note, and Business Agreement[1] (the "Loan Documents"). Accordingly, the court incorporates by reference and considers the Loan Documents in the context of the Motion to Dismiss. *See*, *e.g.*, *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (noting that courts may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment"). The Loan Documents make clear that no disbursements needed to be made, given the existence of a default by the borrower.

---

[1] Though the Trustee only references the Deed of Trust and Promissory Note, Pender contends, and the court agrees, that the Business Agreement along with the Deed of Trust and Promissory Note were part of a single loan transaction and thus must be construed together as one contract. Cal. Civ. Code § 1642; *Holguin v. Dish Network LLC*, 229 Cal.App.4th 1310, 1320 (Cal. Ct. App. 2014).

-4-

According to the Trustee, Pender breached the contract when Pender or its agent refused to release the holdback funds to the Debtor. However, the Third Amended Complaint does not address that Debtor was in default from the outset of the making of the loan under the terms of the Loan Documents. Because the Third Amended Complaint does not address the reality of Debtor's default, the Trustee did not respond to the court's request regarding Debtor's own performance or excuse from performance under the Loan Documents.

The Trustee alternately asserts that Pender's First Amended Crossclaim ("Crossclaim") (Dkt. 62) against Defendant John Wise & Associates, PLLC (Wise), is a conclusive admission that Wise, and thereby Pender, breached the contract reflected in the Loan Documents. As the court explained at the hearing, the court cannot and will not infer liability from Pender's filing of the Crossclaim, which serves ultimately as a demand for indemnification if Pender is ultimately held liable for some or all the Trustee's claims. To infer liability from the Crossclaim would be to short-circuit the court's duty to determine whether Pender's own conduct was wrongful. Stated otherwise, an assertion by Pender of a breach of another contract by Wise does not amount to an admission of its own breach, whether by judicial estoppel or otherwise.

The Trustee also does not address that the holdback was for discrete amounts that were to be disbursed only upon the happening of certain events. The Third Amended Complaint does not allege that the conditions precedent to release of the funds

-5-

Case: 21-03023    Doc# 72    Filed: 10/18/22    Entered: 10/18/22 12:34:05    Page 5 of 10

had been met independent of Debtor's default, only that the funds were not disbursed and therefore Pender was in breach.

**B. Trustee's Second Claim and Ninth Claims: Breach of the Covenant of Good Faith and Fair Dealing and Violation of Business and Professions Code Section 17200 Et Seq. Against Pender.**

As to the claim that Pender breached the implied covenant of good faith and fair dealing, the Trustee alleges a variety of acts by Pender, including a scheme to have Debtor unknowingly enter a "loan to own" debt that Debtor would inevitably default upon, and conspiring with Wise to steer Debtor into a doomed deal. These are bare assertions, with no further facts from the Third Amended Complaint or the incorporated contracts that could give rise to an inference of the deal being any type of "loan to own" scheme. Even if more facts were incorporated, the Trustee does not elaborate how a "loan to own" scheme, while perhaps felt to be distasteful, is on its own contrary to any state or federal laws or otherwise would give rise to a claim for relief.

As Pender notes, "[i]n order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged." *Griffin v. Green Tree Servicing, LLC* (C.D. Cal. 2015) (internal quotations and citations omitted). Here, Trustee alleges no specific contractual obligation from which the implied covenant and fair dealing arose, and instead alleges a general motive of wrongdoing in originating the loan at all, under the conclusory "loan to own" label. This label, without facts regarding the

-6-

spirit of any specific provision of the Loan Documents or other contract that may have been violated, is not sufficient to successfully plead this claim. This is all the more so in light of the extensive contractual provisions that protected Pender in the event of a breach by Debtor.

Trustee claims that Pender has breached Business and Professions Code 17200 et seq (codifying claims of unlawful and unfair business practices) by virtue of Pender's breach of contract and breach of the covenant of good faith and fair dealing. Because the court has determined that insufficient facts regarding either claim have been plead, so too is this claim insufficient.

**C. Trustee's Third, Eighth, and Tenth Claims: Negligence, and Aiding and Abetting Breach of Fiduciary Duty, and Conspiracy Against Pender.**

The court stated in its Tentative Ruling that the Trustee needed to "bolster her allegations of her aiding and abetting, negligence and conspiracy claims," meaning the court expected that in any amended complaint, the claims, if plead again, should contain enough facts for the court to infer that Pender is liable for those claims. Upon review of the Third Amended Complaint, the court concludes that the Trustee has not and cannot plead sufficient facts necessary to make any facially plausible claim of negligence, aiding and abetting, or conspiracy. Though the Trustee claims that the making of the contract itself established a duty of care owed to Debtor by Pender, as Pender correctly counters, "under California law, a financial institution owes no duty of care to a borrower when

-7-

the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Rockridge Trust v. Wells Fargo, N.A.*, 98 F. Supp. 2d 1110, 1160 (N.D. Cal. 2013) (internal quotations omitted).

Similarly, the court cannot infer from the facts that Pender aided and abetted Wise's alleged breach of fiduciary duty to Debtor or engaged in a conspiracy with Wise to place Debtor into default. Trustee does not dispute that the plain text of the Loan Documents incorporated a holdback of certain funds subject certain conditions precedent being met. As noted above, Trustee does not claim those conditions were met. Nor does Trustee allege facts as to how Pender either prevented Wise from disbursing funds, or conspired with Wise to ensure the funds were not disbursed. At the hearing, it appears the thrust of the Trustee's arguments regarding either aiding and abetting or conspiracy is that the contractually held-back funds were not disbursed but Pender continued to charge Debtor interest. However, the Trustee does not allege that this interest was somehow contrary to the Loan Documents (they were not) and does not connect this charging of interest to a breach of Wise's duties or to a broader conspiracy to cause Debtor to default.

### D. Leave to File a Fourth Amended Complaint is Futile

The Trustee, in her Opposition to the Motion to Dismiss ("Opposition") (Dkt. 67) and at the hearing, proposes a Fourth Amended Complaint. While the court acknowledges that the Third Amended Complaint represents the Trustee's second complaint in this adversary proceeding, it would be both unfair and futile to force Pender to defend itself for a fifth time, in an adversary

-8-

proceeding that has not moved past the initial pleading stage after more than a year.

Leave to amend a complaint may be denied where the amendment sought "(1) prejudices the opposing party; (2) is sought in bad faith, (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialyst West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). An amendment is futile "where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect." *Serpa v. SBC Telecomm., Inc.*, 318 F.Supp.2d 865, 872 (N.D. Cal. 2004) (citations omitted).

The Trustee's recent attempt failed to set forth the specific facts the court determined would be necessary for a successful amended complaint. The Trustee's proposed amendments set forth in the Opposition and at the hearing still do not contemplate addressing the Debtor's initial default under the Loan Documents. The Trustee did not assert these facts even with specific prompting from the court, and the Trustee still has not proposed asserting these facts in an amended complaint. Accordingly, the court must conclude that the Trustee lacks ability to set forth a complaint that corrects the defects addressed here.

**III. CONCLUSION**

For the reasons set forth above, the Motion to Dismiss will GRANTED without leave to amend. A separate order consistent with this Memorandum Decision is being issued this date.

**END OF MEMRANDUM DECISION**

COURT SERVICE LIST

Marc L. Libarle
Law Offices of Marc L. Libarle
1388 Sutter Street
Suite 910
San Francisco, CA 94109